UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:08-CR-103 |
| | ) | (VARLAN/SHIRLEY) |
| DEANDRE L. WATSON, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 33]. The defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 750 to the United States Sentencing Guidelines (the "Guidelines"). The United States filed a response, stating that the defendant appears to be eligible for a sentence reduction under § 3582(c)(2) [Doc. 34]. The government, however, defers to the Court's discretion whether, and to what extent, to grant a reduction [*Id.*].

**I. Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is U.S. Sentencing Guidelines Manual § 1B1.10, which designates the amendments to the Guidelines that may be applied retroactively. *See Dillon v. United States*, — U.S. —, —, 130 S. Ct. 2683, 2691 (2010) ("A court's power under § 3592(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *see also id.* at 2693 (describing the Sentencing Commission's retroactivity determinations made pursuant to 28 U.S.C. § 994(u) as "binding"). In relevant part, section 1B1.10 provides:

> (a) Authority.--
>
> > (1) In General.--In case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> . . . .
>
> (b) Determination of Reduction in Term of Imprisonment–
>
> > (1) In General.--In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18

U.S.C. § 3582(c) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitation and Prohibition on Extent of Reduction.--

(A) Limitation.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

(B) Exception for Substantial Assistance.--If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

(C) Prohibition.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

(c) Covered Amendments.--Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, and 750 (parts A and C only).

U.S. Sentencing Guidelines Manual § 1B1.10 (revised Nov. 1, 2011). In addition, the application notes to section 1B1.10 provide that, in considering a reduction in a defendant's term of imprisonment, a court must consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* § 1B1.10 cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct. *Id.*

The Fair Sentencing Act of 2010, Pub. L. 111-120, 124 Stat. 2372 (2010) (hereinafter, the "FSA"), altered the statutory penalties for offenses involving cocaine base ("crack cocaine") and directed the Sentencing Commission to promulgate emergency amendments that would bring the Guidelines into conformity with its provisions. The result of that directive was Amendment 748, a temporary, emergency amendment, which included a downward adjustment of the base offense levels for possession of crack cocaine. On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and on April 28, 2011, submitted the amendment for congressional review. *See* 76 Fed. Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the Guidelines. *See* 76 Fed. Reg. 41332–35 (June 13, 2011). On November 1, 2011, Amendment 750 went into effect, thus authorizing retroactive application of the lowered offense levels contained in the FSA for offenses involving possession of crack cocaine. Because Amendment 750 may now be applied retroactively, *see* U.S. Sentencing Guidelines Manual § 1B1.10(c), if the sentencing range for the defendant's offense has been lowered by Amendment 750, then the Court has discretion under § 3582(c)(2) to reduce the

defendant's sentence, after first considering the § 3553 factors and whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

## II. Analysis

The defendant pleaded guilty to and was convicted of distributing crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) [Doc. 21]. At the time of sentencing, the defendant was held accountable for 4.9 grams of crack cocaine. In calculating the applicable Guidelines range according to the Guidelines in effect at the time of the defendant's sentencing, and given that the defendant was held accountable for 4.9 grams of crack cocaine, the probation officer determined that the defendant's base offense level was 22 [Presentence Investigation Report (the "PSR"), ¶¶ 17–18]. The defendant received a three-level reduction for acceptance of responsibility, which yielded a total offense level of 19 [*Id.* ¶¶ 24–25]. Based on a total offense level of 19 and a criminal history category of IV, the defendant's Guidelines range was 46 to 57 months' imprisonment [*Id.* ¶¶ 51, 80]. On August 11, 2009, the Court sentenced the defendant to 46 months' imprisonment [Doc. 21]. According to the Bureau of Prisons, the defendant is presently scheduled for release on March 8, 2012 [Doc. 33; Doc. 34].

Both the defendant and the government agree that the defendant's Guidelines range was based on the Guidelines for cocaine base offenses that were in effect prior to November 1, 2011, and thus, the defendant's advisory Guidelines range is affected by Amendment 750 [Doc. 33; Doc. 34]. Pursuant to Amendment 750, the quantity of drugs for which the defendant was held accountable—4.9 grams of crack cocaine—would yield a base offense

5

level of 16, and after the adjustment for acceptance of responsibility, the defendant would have a total offense level of 13. When combined with the defendant's criminal history category of IV, the amended Guidelines range would be 24 to 30 months' imprisonment.[1] As this range is lower than the Guidelines range previously applicable to the defendant, the Court agrees with the parties that the defendant is eligible for a sentence reduction pursuant to § 3582(c)(2). The Court, therefore, may reduce the defendant's sentence after considering the § 3553 factors if it finds that a reduction is consistent with the applicable policy statements.

With respect to the § 3553(a) factors, the Court has reviewed the record in this case and considered the § 3553(a) factors, including the nature and circumstances of the defendant's offense and the defendant's history and characteristics, along with the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment [*See* Doc. 28 pp. 17–23]. Although little new information regarding the relevant § 3553(a) factors has been provided to the Court, records from the Bureau of Prisons indicate that the defendant presently is housed at the CCM in Nashville, Tennessee. Further, the defendant has had a consistent institution

---

[1]The defendant submits that the amended Guidelines range would be 27 to 33 months' imprisonment based upon a total offense level of 14; however, the Court finds the defendant's calculation in error.

6

work history, receiving "Good" evaluations since his incarceration. The defendant, however, did not enroll in Basic Computers, Leadership Skills or the Financial Management programs as encouraged by his team.

The Court also has considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims. 18 U.S.C. § 3553(a). Indeed, Amendment 750 itself addresses some of these factors, particularly the need to avoid unwarranted sentencing disparities by "restor[ing] fairness to Federal cocaine sentencing." *See* FSA.

The Court has further considered the danger to the public as the result of any reduction in the defendant's sentence.[2] In this regard, the Court has considered the seriousness of the defendant's offense and the need to protect the public. The defendant sold 4.9 grams of cocaine base to a Knoxville Police Department confidential informant in exchange for $250, but no firearms were involved in the offense. And although the defendant has a lengthy criminal history and received a criminal history category of IV, he has not incurred any disciplinary sanctions since becoming incarcerated.

---

[2]"The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) Whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)." U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1(B)(ii).

In sum, after considering § 3582(c)(2), the requirements of section 1B1.10, and the relevant § 3553 factors, the Court finds a reduction in the defendant's sentence is appropriate. In making this determination, the Court is particularly influenced by the changes in offense levels for crack cocaine offenses promulgated by the FSA and implemented through Amendment 750. Because the Court determines that factors similar to the ones that applied at the defendant's initial sentencing also apply at this time and because the Court does not have any new information regarding the defendant's conduct that causes it to reach a different conclusion under the § 3553 factors, the Court will reduce the defendant's sentence to a term of 24 months' imprisonment, a similar revised sentence given the reduced Guidelines range, which shall take effect ten (10) days from the entry of this order to allow the Bureau of Prisons sufficient time to comply with its statutory obligations.

### III. Conclusion

For the reasons given above, the defendant's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 33] is hereby **GRANTED** and the defendant's sentence is reduced to **24 months' imprisonment, such reduction to take effect ten (10) days from the entry of this order** to allow the Bureau of Prisons time to fully comply with statutory obligations. The Clerk of Court is **DIRECTED** to issue an amended judgment in accordance with this order, which shall include the following language: If this sentence is less than the amount of time the defendant has already served, the sentence shall be reduced to a "time served" sentence.

Further, in light of the Court's reduction of the defendant's sentence, that it appears the defendant will be eligible for immediate release, and the notice of appearance of counsel for the defendant, the defendant's pending motions—the Motion Requesting Appointment of Counsel [Doc. 23] and the Motion for Resentencing [Doc. 24]—are hereby **DENIED AS MOOT**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE